# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| KEITH LAMAR WOODS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER**, |
| v. | ) | **AND RECOMMENDATION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:09CV917 |
| | ) | 1:06CR189-2 |
| Respondent. | ) | |

Petitioner Keith Lamar Woods, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 42).[1] Petitioner was indicted on one count of possession with intent to distribute 119.1 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (docket no. 1). He pled guilty to that count (docket nos. 22, 23) and was sentenced to 285-months imprisonment in a judgment entered on November 20, 2006 (docket no. 30). Petitioner did not file a direct appeal but, on November 25, 2009, Petitioner did mail his Section 2255 motion to the court. Respondent has filed a motion seeking to have Petitioner's motion dismissed and denied (docket no. 64). Petitioner has responded to that motion (docket nos. 68, 69) and the parties' motions are before the court for decision.[2]

---

[1] This and all further cites to the record are to the criminal case.

[2] There are several other motions which are reflected as pending on the court's docket sheet. One is a motion by Petitioner for a status conference (docket no. 53). There
(continued...)

## PETITIONER'S CLAIMS

Petitioner raises four possible claims for relief in his Section 2255 motion. The first of these claims that Petitioner's guilty plea was invalid because the prosecutor in his case was not properly licensed to practice law. His second claim makes a similar allegation as to his indictment. Petitioner's third claim for relief makes several allegations of ineffective assistance of counsel based on events that occurred at, or prior to, Petitioner's guilty plea. Finally, Petitioner's fourth claim alleges that he received an improperly enhanced sentence because the government did not provide adequate notice of its intent to use a prior conviction to enhance his sentence.

## DISCUSSION

### Claims One and Two

Petitioner's first two claims allege that his plea hearing and indictment were tainted because the prosecutor in his case was not licensed to practice law. The government acknowledges that the license of David Folmar, a prosecutor who handled some parts of Petitioner's case, was suspended. Nevertheless, it contends that no violation of Petitioner's rights occurred.

Although the practice of law by an unlicensed or improperly licensed prosecutor is an unusual situation, it is not unique or unprecedented. In fact, it has

---

[2](...continued)
are also two motions by the government for extensions of time to respond to the Section 2255 motion (docket nos. 55, 57). Petitioner's motion for a hearing will be mooted by the entry of this Order and Recommendation, while Respondent's motions were mooted by the granting of a subsequent motion for extension of time (docket no. 63). All three pending motions will be denied as being moot.

occurred on several occasions in courts across the country. Most courts facing the dilemma have ruled that a defendant does not have a constitutional right to a properly licensed prosecutor, that the prosecution of a case by an unlicensed or improperly licensed prosecutor does not automatically violate a defendant's rights, and/or that a defendant must show some sort of prejudice in order to challenge his conviction. *Hamilton v. Roehrich*, 628 F. Supp. 2d 1033, 1050-54 (D. Minn. 2009); *Munoz v. Keane*, 777 F. Supp. 282, 284-87 (S.D.N.Y. 1991), *aff'd sub nom. Linares v. Senkowski*, 964 F.2d 1295 ($2^d$ Cir. 1992); *People v. Carter*, 77 N.Y.2d 95, 106-07, 566 N.E.2d 119, 123-24 (1990); *Ali v. Minnesota*, Civil No. 09-1389, 2010 WL 145280, at *5 (D. Minn. Jan. 8, 2010). At least one court has held that a prosecution pursued by a prosecutor without a proper license is still valid because, although not qualified for her job as a prosecutor, she was nevertheless given the job by the government. This made her a "*de facto* officer" whose acts on behalf of the government were valid. *Parker v. United States,* Nos. 4:98CR00236GH, 4:03CV00058GH, 2006 WL 2597770, at *13-15 (E.D. Ark. Sept. 8, 2006); *United States v. Deaton*, Nos. 4:99CR87GH, 4:04CV2252GH, 2005 WL 1922877, at *3-5 (E.D. Ark. Aug. 9, 2005). There is a decision from Illinois in which a state court held that prosecutions by an unlicensed prosecutor are *per se* invalid. *People v. Dunson*, 316 Ill. App. 3d 760, 763-70, 737 N.E.2d 699, 702-06 (2000)**.** Nevertheless, the court in *Dunson* relied solely on state, not federal, law and declined to decide whether or not a due process violation had occurred. No case of which the court is

aware has held that there is a federal constitutional right to a properly licensed prosecutor or that prosecution by an unlicensed prosecutor invalidates a conviction or plea agreement based on any federal right in the absence of a showing of prejudice.

This court agrees with the cases concluding that there is no constitutional right to a properly licensed prosecutor and that a defendant or petitioner must show prejudice in order to raise a claim based on a prosecutor's licensing deficiencies. Petitioner points to no such prejudice in the case at bar and none is apparent. In fact, as the government points out in its brief, other Assistant United States Attorneys handled several critical parts of the proceedings against Petitioner, including his guilty plea and sentencing (docket no. 64 at 16-17). Petitioner has not demonstrated the prejudice necessary to establish a claim based on the suspension of Folmar's license. His first and second claims for relief should be denied.

### Claims Three and Four

Respondent moves to have Petitioner's two remaining claims dismissed for being untimely filed under the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under Section 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under Section 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Petitioner's judgment was entered on November 20, 2006 and he did not appeal. This meant that his Section 2255 motion was due by early December 2007. Petitioner did not submit his Section 2255 motion until November 2009. This is nearly three years after his conviction became final and well out of time under subsection (f)(1)**.** Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his Section 2255 motion. Petitioner makes a statement that his attorney failed him by not pursuing his claims on appeal and that the attorney "for all intent[s] and purpose[s] is a government official" (docket no. 68 at 2-3). This is incorrect. Petitioner's attorney represented Petitioner, not the government. Also, Petitioner's attorney may not have advised him about filing a motion under Section 2255, but Petitioner does not explain how his attorney actively prevented him from filing. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's third and fourth claims for relief are based on facts that existed and were known to him at the time his conviction became final.[3] Therefore, this subsection also does not apply and Petitioner's motion is untimely.

In his motion, Petitioner also makes a statement that his motion should be heard because he is "actually innocent." Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). In the context of a petition barred by AEDPA's statute of limitations, there is a significant question as to whether an "actual innocence" exception to the statute of limitations even exists. *Compare Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005) (recognizing an actual innocence exception) *with Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (actual

---

[3] Petitioner has filed exhibits showing that he was not informed of Folmar's licensing problems until early 2009, or within a year of the time he filed his Section 2255 motion. It is apparently for that reason that the government only moved to treat Petitioner's third and fourth claims for relief as being time-barred.

innocence is not related to timeliness). If it does, the threshold for meeting that exception is extremely high. Petitioner must produce new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. Also, Petitioner would have to show factual innocence and not merely legal insufficiency. *Wright v. Angelone*, 151 F.3d 151, 158 n.2 (4th Cir. 1998). Petitioner alleges, at most, only legal innocence. He has not even set forth a case of factual innocence. Therefore, he is not entitled to take advantage of any actual innocence exception even if one exists. Petitioner's third and fourth claims for relief are time-barred and should be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner's motion for a status hearing (docket no. 53) and Respondent's fourth and fifth motions for extension of time (docket nos. 55, 57) are all **DENIED** for being moot.

**IT IS RECOMMENDED** that Respondent's motion to dismiss (docket no. 64) be **GRANTED**, Petitioner's motion to vacate, set aside or correct sentence (docket no. 42) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
November 16, 2010