IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEITH LAMAR WOODS,              )
                                )   **MEMORANDUM OPINION,**
            Petitioner, pro se, )   **ORDER AND**
                                )   **RECOMMENDATION**
      v.                        )
                                )   1:11CV114
UNITED STATES OF AMERICA,       )   1:06CR189-2
                                )
            Respondent.         )

Petitioner, a federal prisoner, has submitted what he characterizes as a combined motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) and motion to file an amended complaint under Fed. R. Civ. P. 15. Petitioner previously filed a motion under 28 U.S.C. § 2255 (1:09CV917), which was dismissed pursuant to a motion by the government in an Amended Judgment entered on January 5, 2011 (docket no. 83). In the present motion, Petitioner seeks to have that judgment reconsidered because "the issues involved in this case are complex which prevented him from being able to adequately prepare his case" (docket no. 85 at 2). He also asks to file an amended Section 2255 motion which adds what would be a fifth and sixth claim for relief to the four claims he raised in his original motion. Petitioner contends that these claims should be allowed under FED. R. CIV. P. 15(a) because they relate back to the claims in the original motion.

To the extent that Petitioner's motion really is one for reconsideration under Rule 60(b), it should be denied. Nothing presented by Petitioner, including his

assertion that the claims presented were complex, justifies a change in the prior decision dismissing his 2255 motion.

As for the request to file an amended complaint adding two claims, that should also be denied. Rule 15(a) allows for amendments prior to trial, not after judgment has been entered. Subsection (b) of the rule does allow for amendments made after trial where an issue that was not originally pled has been tried by the consent of the parties. That subsection would have no application here because there was no trial. Also, all of the issues dealt with in the judgment dismissing Petitioner's claim were pled in the original 2255 motion or the government's motion to dismiss. Finally, subsection (c) of the rule discusses the relation back of amendments to an original pleading; however, it has application only where an amendment is otherwise proper. Because Petitioner's attempt at amendment after the judgment has been entered is not proper, subsection (c) does not control. Petitioner's request to file an amended 2255 motion in the prior action should be denied.

Finally, Petitioner's amended 2255 motion is not really a continuation of his prior motion, but an attempt to relitigate issues already determined in the prior motion and to raise new issues.[1] As such, it is an attack on his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling. The motion for reconsideration therefore must

---

[1] Some of these issues would be appropriately raised under 28 U.S.C. § 3582. Petitioner already has a motion under Section 3582 pending (docket no. 61) and can raise those issues as a part of that motion.

be construed as a motion to vacate sentence under 28 U.S.C. § 2255.  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003).  As such, Petitioner's pleading is defective because he has failed to file his claims on the proper 2255 forms.  *See* Rules Governing Section 2255 Proceedings Rule 2(b).

There is no need to put Petitioner through the extra work of submitting his claims on the proper forms, however, because court records reveal that Petitioner has already challenged this conviction in the previous 2255 action.  Therefore, the present pleading should be dismissed for lack of jurisdiction because of Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255.  *See Winestock*, 340 F.3d at 200.

**IT IS THEREFORE ORDERED** that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing 2255 actions in this court and Motions for Authorization in the court of appeals, and four copies of 2255 forms (more copies will be sent on request).  Petitioner should keep the original and two copies of the completed 2255 forms which can be submitted in this court if Petitioner obtains approval from the Fourth Circuit.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Relief be denied to the extent that it is a motion for reconsideration and an attempt to amend his original 2255 motion.  To the extent that it attempts to raise new claims that

would have to be brought under 2255, it should be construed as an attempt by Petitioner to file a second or successive 2255 action.

**IT IS RECOMMENDED** that Petitioner's second or successive 2255 claims be dismissed due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d).

```
_____
```
WALLACE W. DIXON
United States Magistrate Judge

February 14, 2011